NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Crim. No. 99-253 (RBK) |
| v. | **OPINION** |
| JOHN JAY POWERS, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the following motions: (1) Defendant's Motion to Settle the Record (Doc. 171); (2) Defendant's Motion to Strike Document (Doc. 172); (3) Defendant's Motion for Correction or Modification of the Record (Doc. 173); and (4) Defendant's Motion to Recuse (Doc. 177). For the reasons explained below, the Defendant's motions are **DENIED**.

**I.  BACKGROUND**

Defendant is John Jay Powers, an individual who has been convicted of multiple crimes and sentenced by courts in multiple jurisdictions. The full factual and procedural background of Defendant's case is detailed more fully in the Court's October 1, 2020, Opinion denying similar motions filed by Defendant. (Doc. 159.) As such, the Court does not restate the facts in full here. Defendant's recent litany of motions seek essentially the same relief that Defendant previously sought and the Court denied. In short, Defendant maintains that his current sentence was intended to run concurrently with, rather than consecutive to, prior sentences that Defendant incurred in two

1

other jurisdictions. The Honorable Joseph E. Irenas presided over Defendant's sentencing hearing, which occurred over the course of two separate days: September 10, 2001, and October 1, 2001. A full transcript is available for the first hearing. On October 1, 2001, Judge Irenas orally sentenced Defendant to 45 months' imprisonment. The written judgment reflecting the oral sentence provided that the sentence should run consecutive to the sentences from the Middle District of Florida. (*See* Doc. 120 "Judgment.") However, the Judgment was silent as to whether the sentence would run concurrent with or consecutive to the sentence from the Southern District of Indiana. (*See id.*) In light of the silence, the Bureau of Prisons ("BOP") ran the sentences consecutively to both the Middle District of Florida and the Southern District of Indiana sentences.

Defendant argued that the clerk issuing the Judgment following the oral imposition of sentence had omitted the word "only" from the written order. This Court denied that Motion, finding that the Defendant "fail[ed] to demonstrate thorough, competent evidence such as a transcript or any kind of court record that the judgment d[id] not reflect the actual sentence imposed by the court." (Doc. 140.) Defendant appealed that Order. (Doc. 141). Defendant then filed seven different motions on essentially the same grounds: (1) Motion to Appoint Counsel (Doc. 142); (2) Motion to Reconstruct Record (Doc. 146); (3) Motion to Correct Omission in the Record (Doc. 147); (4) Motion for Settlement and Approval of Record (Doc. 148); (5) Motion to Enter Order (Doc. 149); (6) Motion for Reduction of Sentence Under First Step Act (Doc. 151); and (7) Motion to Dismiss Several Pending Motions as Moot (Doc. 156). The Court denied those motions. (Docs. 159, 160.) Defendant appealed. (Doc. 163.)

While Defendant's appeal was pending, the Court initiated another search to locate a transcript from the October 1, 2001, hearing. (Doc. 170.) The Clerk of the Court searched again and found the court reporter's original notes in a mislabeled box. 28 U.S.C. § 5753 requires that

the court reporter's original notes be filed and kept for ten years, and the practice of this court has been to keep them for twenty years. (Doc. 170.) After locating the clerk's notes from the hearing, the Court contacted the court reporter, who had since retired. (Doc. 170.) The court reporter transcribed the full transcript from the October 1, 2001, hearing, including the imposition of sentence. (Doc. 170.) The transcript of proceedings confirmed that Judge Irenas intended for the sentences to run consecutively. (*See* Doc. 168.)

Following these events, Defendant filed the presently-pending motions. The motions ask the Court to "approve [Defendant's] statement of the record evidence as the reconstructed record" (Doc. 171), strike the transcript from the docket (Doc. 172), and "redact" the transcript in "order to conform to the verbatim language used during this particular proceeding" (Doc. 173). Defendant also asks the Court to recuse itself. (Doc. 177.) While these motions were pending, the Third Circuit summarily affirmed the Court's denial of Defendant's Motion to Correct a Clerical Error (Doc. 175), Defendant's Motion to Correct the Record (Doc. 176), and Defendant's Motion for Compassionate Release (Doc. 176).

## II. LEGAL STANDARD

### A. Motion to Correct a Clerical Error

Under Federal Rule of Criminal Procedure 36 "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." This rule applies to *clerical errors* only. *See id.* Therefore, a court may "correct only clerical errors in the transcription of judgments" and may not use Rule 36 to "effectuate its unexpressed intentions at the time of sentencing." *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996). A clerical error must be one of judgment or even of misidentification, but merely of recitation, . . . mechanical in nature." *United States v. Guevremont*, 829 F.2d 423, 426

3

(3d Cir. 1987). In other words, Rule 36 does not provide a basis to change the internal structure of a sentence. *See id.* Moreover, a contention that the judgment "was ambiguous, indefinite and equivocal" does not afford a basis for relief under this Rule. *See, e.g.*, *United States v. Duncan*, 310 F.2d 367, 369 (7th Cir. 1962).

### B. Motion to Reconstruct the Record

Under the Federal Rules of Appellate Procedure, a party may request the court to reconstruct the record for purposes of appeal when a transcript of an oral hearing is unavailable and the proceeding was not recorded. Rule 10(c) sets forth the procedure the parties must follow. First, "[i]f the transcript of a hearing . . . is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Fed. R. App. P. 10(c). Second, in response, the appellee "may serve objections or proposed amendments within 14 days" of service. *Id.* Finally, "the appellant must submit the statement to the district court for settlement and approval." *Id.*

### C. Motion to Recuse

Recusal of district court judges is governed by 28 U.S.C. §§ 455 and 144. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, under § 455(b)(1), a judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

"Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." *In re Prudential Ins. Co. of America Sales Practices Litig.*, 148 F.3d 283, 343 (3d Cir. 1998); *see*

4

*also Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality."). Consequently, even where the judge is not "subjectively biased or prejudiced," he must recuse himself under § 455 "so long as he appears to be so." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 320 (3d Cir. 2005). Such disqualification is crucial to maintaining "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." *In re Sch. Asbestos Litig.*, 977 F.2d 764, 776 (3d Cir. 1992).

Pursuant to § 144, a judge shall be prohibited from proceeding in a matter "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him . . . ." 28 U.S.C. § 144. "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . ." *Id.* "A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 343 (3d Cir. 1998).

To be "legally sufficient," the reasons and facts in the affidavit must "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger v. United States*, 255 U.S. 22, 33–34 (1921). "On such a motion it is the duty of the judge to pass only on the legal sufficiency of the facts alleged to ascertain whether they support a charge or bias of prejudice. Neither the truth of the allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary." *Mims v. Shapp*, 541 F.2d 415, 417 (3d. Cir. 1976). Similar to the standard under § 455, "[t]he test is whether, assuming the truth of the facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists." *Id.*

"[G]enerally beliefs or opinions which merit recusal must involve an extrajudicial factor." *United States v. Antar*, 53 F.3d 568, 573–79 (3d Cir. 1995). Although in certain instances opinions formed during a judicial proceeding may give rise to a duty to recuse, "[b]ecause the focus is on the source of the judge's views and actions, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion because they almost never arise from an extrajudicial source." *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994).

"Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[N]ot subject to deprecatory characterization and 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Id.* at 551.

## III. DISCUSSION

### A. Motion to Correct the Record, Motion to Settle the Record, Motion to Strike, and Motion for Correction or Modification of the Record

Defendant moves the Court to "correct an omission in the record" under Federal Rule of Criminal Procedure 36 (Doc. 164), to "settle the record" (Doc. 171), to "strike the record" (Doc. 172); and to "modify the record" (Doc. 173). Each of these motions relies on Defendant's previously asserted argument that the Judgment's failure to specify that the District of New Jersey sentence ran consecutive to the Middle District of Florida sentences *only* was an omission by the Court. Defendant believes that this proposed correction would reflect the Court's intention to have

the Southern District of Indiana sentence run concurrently with the sentence from the District of New Jersey. The Court has already addressed—and rejected—the arguments that Defendant raises in these motions. (*See* Docs. 159, 160.) Moreover, the Third Circuit has already affirmed the Court's rulings on these issues. (*See* Docs. 175, 176.) Accordingly, because there are no new arguments raised in these motions, the Court **DENIES** (1) Defendant's Motion to Correct Omission in the Record (Doc. 164); (2) Defendant's Motion to Settle the Record (Doc. 171); (3) Defendant's Motion to Strike (Doc. 172); and (4) Defendant's Motion for Correction (Doc. 173).

### B. Motion to Recuse

Defendant moves to recuse on the basis that the undersigned (1) has personal knowledge of disputed evidentiary facts, (2) is a material witness against Defendant in a criminal matter, and (3) has an "appearance of partiality" against the Defendant. (Doc. 177 at 1.) Although the law demands recusal where a reasonable man would question the judge's fair mindedness and where a party files an affidavit setting forth specific allegations of partiality, the Court finds that Defendant has not provided any facts meriting recusal.

Defendant submits an affidavit in support of his motion. In this affidavit, Defendant first avers that the motion should be granted because the undersigned was involved in the process of locating the original transcript—therefore he has knowledge of the evidentiary facts of the case. However, as the Third Circuit has made clear, without a "deep-seated favoritism or antagonism that would make fair judgment impossible," opinions or events occurring in Defendant's prior proceedings do not constitute a basis for a bias or partiality motion. *Liteky*, 510 U.S. at 555. Defendant has not even attempted to demonstrate that the undersigned has such favoritism or antagonism. Without such a showing, recusal is not warranted.

Defendant next contends that the Court should recuse itself because the undersigned is a "material witness against Defendant in a criminal matter." It is unclear what Defendant's contention is or what criminal matter Defendant is referring to. In the Government's Letter Brief in support of its request for summary action in the appeal of this Court's denial of Defendant's motion for compassionate release, the Government acknowledged that Defendant "swore under oath that Judge Irenas ran the New Jersey sentence consecutively to his Florida sentences 'only.'" (Doc. 117, Ex. 2.) However, nothing in the Government's brief indicates that it is pursuing criminal charges against Defendant for perjury, and the Court is not aware of any criminal matter in which the undersigned would be a material witness. Accordingly, the Court finds that Defendant's baseless averments of "partiality" are insufficient to sustain a motion for recusal under 28 U.S.C. § 144 or 28 U.S.C. § 455. Therefore, the Motion to Recuse is **DENIED**.

## IV.     CONCLUSION

For the reasons contained herein, (1) Defendant's Motion to Settle the Record (Doc. 171); (2) Defendant's Motion to Strike Document (Doc. 172); (3) Defendant's Motion for Correction or Modification of the Record (Doc. 173); and (4) Defendant's Motion to Recuse (Doc. 177) are **DENIED**. An accompanying Order shall issue.

Dated: 7/6/2021                                                                                       /s/ Robert B. Kugler
                                                                                                              ROBERT B. KUGLER
                                                                                                              United States District Judge